NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUCIANO URIARTE,<br><br>                Petitioner,<br><br>   v.<br><br>JEFFERSON B. SESSIONS III, Attorney<br>General,<br><br>                Respondent. | No.   14-70586<br><br>Agency No. A076-607-998<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2017[**]
Pasadena, California

Before: FARRIS, CALLAHAN, and OWENS, Circuit Judges.

Luciano Uriarte, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' decision dismissing his appeal of an Immigration

Judge's ("IJ") decision finding him removable under 8 U.S.C. § 1227(a)(1)(A) for,

inter alia, making a material misrepresentation, and denying his application for a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretionary waiver of deportability under 8 U.S.C. § 1227(a)(1)(H). We deny the petition in part and dismiss in part.

**1.** Substantial evidence supports the agency's determination that the Department of Homeland Security ("DHS") provided clear and convincing evidence Uriarte was removable under 8 U.S.C. § 1227(a)(1)(A). *See Nakamoto v. Ashcroft*, 363 F.3d 874, 882 (9th Cir. 2004). Uriarte misrepresented material facts by repeatedly failing to disclose his 1989 marriage in Mexico, including on his 1997 California marriage certificate, his immigrant visa petition, his sworn statement to United States Citizenship and Immigration Services, and his application for adjustment of status.

**2.** We review de novo Uriarte's claim that the IJ violated his due process rights by failing to act as a neutral arbiter. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). Uriarte's claim is without merit. Contrary to Uriarte's contention, the IJ did not insist that DHS file marriage fraud charges against him and said nothing to indicate she had prejudged the case. Likewise, Uriarte's due process rights were not violated by the IJ's decision to move forward with a hearing on the merits of his waiver application under 8 U.S.C. § 1227(a)(1)(H), rather than simply granting relief when DHS initially indicated its non-opposition. *Cf. Tadevosyan v. Holder*, 743 F.3d 1250, 1253 (9th Cir. 2014) (agency may not deny relief based solely on DHS's opposition). The record demonstrates Uriarte received a full and

2

fair hearing of his claims and a reasonable opportunity to present evidence on his behalf. *See Lianhua Jiang v. Holder*, 754 F.3d 733, 741 (9th Cir. 2014).

**3.** Absent a colorable constitutional or legal claim, we lack jurisdiction to review the agency's discretionary denial of Uriarte's application for waiver of removal. *See* 8 U.S.C. §§ 1252(a)(2)(B)(ii), (a)(2)(D); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). Uriarte's constitutional claims are not colorable, therefore we dismiss that portion of his petition seeking review of the agency's discretionary determination under 8 U.S.C. § 1227(a)(1)(H).

**PETITION DENIED IN PART AND DISMISSED IN PART.**